IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION

| | |
|---|---|
| M. LA-TROY ALEXANDRIA-WILLIAMS,<br><br>*Petitioners,*<br><br>v.<br><br>MARK GOINS, official capacity As Coordinator of Tennessee Elections<br>MARY MANCINI, official capacity As Chairwoman of the Tennessee Democratic Party<br>LINDA PHILLIPS, SHELBY COUNTY ELECTION COMMISSIONER,<br><br>*Respondents.* | No. 2:20-cv-02715 |

**Emergency Petition For Temporary Restraining Order And Incorporated Memorandum Of Law**

Comes now the Petitioner, M. LaTroy Alexandria-Williams, and petitions this court for a temporary restraining order barring In support of this motion Plaintiff asserts as follow.

1. In 2010, the Shelby County Democratic Party, Karen Camper, Joe Towns, Regina Morrison Newman, Minerva Johnican, Corey Maclen and Lexie Carter filed a Petition For Contempt And For Additional Emergency Temporary Restraining Order And Permanent Injunction against M. LaTroy Williams, Charlotte Draper, Memphis Democratic Party Of TN, Inc., Shelby County Democratic Club (SCDC), Bishop Everrett-Banks, R. Porter, Bobby Carter and Sherrie Miller Johnson. (See Exhibit 1: Petition - Case No. CH-10-1354, Chancery Court Thirteenth Judicial District Memphis).

2. In that case the Petitioners were seeking an injunction to prevent the Defendants from using sample ballots that were captioned "Memphis Democratic Party Of TN, Inc" and "Shelby County Democratic Club." (Exhibit 1).

3. After a hearing the case was ultimately dismissed with prejudice in September 2010, as the court determined that M. Latroy Williams owned the trademarks for "Memphis Democratic Part Of TN, Inc" and "Shelby County Democratic Club" and that Mr. Williams was within his first amendment rights to endorse whoever he wished. (See Exhibit 2: Order Of Dismissal - Case No. CH-10-1354, Chancery Court Thirteenth Judicial District Memphis)

4. Pursuant to that same case, the court admonished the petitioners for committing perjury and for destroying Mr. Williams campaign signs and said criminal charges would be brought against them if they did those things again. (See Exhibit 3: Affidavit of M. LaTroy Williams).

5. In the same case the court declared that Mr. Williams was the legal owner organizations known as the Shelby County Democratic Party, The Shelby County Democratic Club, the Memphis Democratic Party Of TN, Inc. and the Greater Memphis Democratic Club, Inc. (Exhibit 3).

6. The Shelby County Democratic Club has existed in Memphis for 72 years with notable members including Ben Hooks, Maxine Smith, Amacio Walker, Blair T. Hunt, O'dell Horton, D'Army Bailey and Russell Sugarman.

7. For 10 years the Shelby County Democratic Club has been able to put out its sample ballot without restraint.

8. As a gesture of goodwill, Mr. Williams and his organizations agreed to put "Not affiliated with the Democratic Party" on their sample ballot for the August 6th 2020 election, but they have still been harassed by the respondents. (Exhibit 3).

9. As a further gesture of goodwill, Mr. Williams allowed the Grant brothers to take over use of the Greater Memphis Democratic Club, Inc. (Exhibit 3).

10. In 2014, Cohen For Congress Committee filed a Petition For Temporary Injunction against M. LaTroy Williams,"National Democratic Party Of The USA, Inc., Shelby County Democratic Club, Shelby County Democratic Party, Inc. and Memphis Democratic Club based on the same arguments from the case dismissed with prejudice in 2010. (See Exhibit 4: Petition - Case No. CT-003348-14, Circuit Court Thirteenth Judicial District Memphis).

11. At issue was sample ballots and TV ads produced by the Defendants on behalf of Rickey Wilkerson, a African American running in the Democratic primary against Congressman Steve Cohen. (Exhibit 4).

12. Cohen For Congress was granted an injunction on August 25, 2014, but that injunction was dissolved "Upon request from Defendants and for good cause." (See Exhibit 5: Order To Dissolve Temporary Injunction - Case No. CT-003348-14, Circuit Court Thirteenth Judicial District Memphis).

13. After a hearing on January 27, 2017, Cohen For Congress Committee voluntarily dismissed their case. (See Exhibit 6: Order Of Dismissal - Case No. CT-003348-14, Circuit Court Thirteenth Judicial District Memphis).

14. Most recently the Shelby County Democratic Party and Marek For Memphis have filed against Greg Grant, Individually &d/b/a/ Greater Memphis Democratic Club, Inc., and M. LaTroy Williams, Individually &d/b/a Shelby County Democratic Club. (See Exhibit 4: Petition - Case No. CT-003348-14, Circuit Court Thirteenth Judicial District Memphis).

15. That Petition is seeking to rev-litigate the same issues that have already been decided in favor of the M. LaTroy Williams and his organizations.

3

16. As paragraph in this most recent action states "Petition the Shelby County Democratic Party, chartered by the Tennessee Democratic Party, is the lawful representative body of the Tennessee Democratic Party in Shelby County", one of the Petitioners in that case is under the supervision of the Defendants in this current action.

17. The Petitioner, Mr. Williams is African American and has significant civic and political influence in the African American community in Memphis Tennessee. (Exhibit 3)

18. Marek For Memphis is in a race for the Mayor Of Memphis which is an open race where no party affiliation is required.

19. Marek For Memphis was concerned because a ballot put out by Greg Grant via "Greater Memphis Democratic Club" mentioned his competitors but not him.

20. Mr. Williams sample ballot had Mr. Marek listed as a candidate and also included the "Not affiliated with the Democratic Party" disclaimer. (Exhibit 7: Sample ballot).

21. Petitioner Williams is now, along with Greg Grant, the subject of a criminal contempt hearing on October 2 for something he had no knowledge or control over and was done against his express written permission.

22. In a previous proceeding, Respondents stated in open Court that they were concerned over the power of the Petitioner to use his influence in elections stating "Your Honor, you don't know who LaTroy Williams is. He can make anybody win." (Exhibit 3)

23. Respondents also stated in other proceedings that they would drop a lawsuit against Petitioner Williams if he would not endorse Charlotte. (Exhibit 3)

4

24. Respondents also stated in other proceedings that if the court did not stop petitioner Williams that the Democratic Party and candidate Steve Cohen would have to spend too much money to defeat him. (Exhibit 3)

Wherefore Petitioners ask this Honorable Court for an emergency injunction against the criminal contempt proceedings against Mr. Williams.

## Memorandum Of Law In Support

### Charges Against Petitioner Are Barred By Res Judicata And Collateral Estoppel

When applying res judicata to a state law cause of action, the Sixth Circuit uses the res judicata doctrine of the forum state.[1] *Ohio ex rel. Boggs v. City of Cleveland*, 655 F. 3d 516, 519 (6th Circuit 2011) Res judicata or claim preclusion bars a subsequent suit between two parties and their privies on the same claim with respect to all issue raised or that could have been raised in the previous suit. *Jackson v. Smith*, 387 SW 3d 486, 491 (Tenn. 2012); *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn.2009). The burden of proof for res judicata is on the party raising it. *United States Fidelity & G. Co. v. Bituminous Cas. Corp.*, 371 SW 2d 801, 802 (Tenn.Ct.App.1962); *Ragsdale v. Hill*, 269 SW 2d 911, 917 (Tenn.Ct.App.1954). A defendant in Tennessee raising a res judicata defense must show "(1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits." *Jackson*, 387 SW 3d at 491; *Lien v. Couch, 993 S.W.2d 53*, , 56 (Tenn.Ct.App.1998). The res judicata defense must "clearly and unequivocally appear on the face of the complaint." *Jackson*, 387 SW 3d at 492 In fact, "the plaintiff's own allegations in the complaint must show

---

[1] In *Boggs*, the Sixth Circuit used Ohio state case law to evaluate res judicata.

that an affirmative defense exists and that this defense legally defeats the claim for relief." *Id*; See *Ragsdale*, 269 SW 2d at 916 (holding that a demurrer asserting res judicata was improper when the petition being challenged did not mention the prior decree).

"To prevail with a collateral estoppel claim, the party asserting it must demonstrate (1) that the issue to be precluded is identical to an issue decided in an earlier proceeding, (2) that the issue to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding, (3) that the judgment in the earlier proceeding has become final, (4) that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding, and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded." *Mullins v. State*, 294 SW 3d 529, 535 (Tenn. 2009)

The prosecution of Mr. Williams for contempt is barred by both res judicata and collateral estoppel. From the first case in 2010 to every subsequent case referenced, Mr. Williams and the Tennessee Democratic Party in some form have been opposing parties. These cases have been resolved on the merits with the first case being dismissed with prejudice and the second being voluntarily dismissed. The courts involved had jurisdiction over the cases. The case was over the same issue, which is may Mr. Williams, through the organizations that he secured the legal rights for, use their name to endorse political candidates. The answer to that is a firm yes. The party Marek for Memphis, while not a party to previous actions, still is barred by the doctrine of collateral estoppel because these are the same claims that have been raised in previous litigation, and Marek for Memphis is in privity with the State Democratic Party of Tennessee which had a full and fair opportunity to litigate this matter already.

6

## Petitioner Should Be Granted A Temporary Restraining Order Against Prosecution Related To Production And Distribution Of Sample Ballots

The factors for a temporary restraining order (TRO) are "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay." *Northeast Ohio Coalition for Homeless v. Blackwell*, 467 F. 3d 999, 1009 (6th Cir. 2006.

The foundational case for federal injunctions against state prosecutions is *Ex Parte Young* which allows for injunctions again state officers who "threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution". *Ex Parte Young*, 209 US 123, 123 (1908) *Ex Parte Young* was limited by the fact that federal courts will normally assume that state prosecutors will stay within constitutional grounds and there will be no irreparable harm. *Dombrowski v. Pfister*, 380 US 479, 484 (1965). If there allegations show there is "a substantial loss or impairment of freedoms of expression. . .if appellants must await the state court's disposition and ultimate review" then that "clearly show irreparable injury." *Id.* In *Dombrowski*, at issue was "threats of prosecution under color of the statutes to harass appellants and discourage them and their supporters from asserting and attempting to vindicate the constitutional rights of Negro citizens of Louisiana." *Id.* at 479. Specifically the allegations were as follows:

> Supported by affidavits and a written offer of proof, the complaint further alleges that the threats to enforce the statutes against appellants are not made with any expectation of securing valid convictions, but rather are part of a plan to employ arrests, seizures, and threats of prosecution under

7

color of the statutes to harass appellants and discourage them and their supporters from asserting and attempting to vindicate the constitutional rights of Negro citizens of Louisiana.

The facts in this petition are almost identical to those in *Dombrowski*. Respondents have already stated in open court that they were concerned about Petitioner Alexander's ability to influence elections. There is no credible allegation that he himself violated any court order, and that court order itself is questionable. The timing of the prosecution against him for criminal court is right before one of the most highly contested elections in this nation's history. No harm would be done to the state for having to delay their questionable prosecution until after the election. But great harm may come not just to Petitioner Williams but also to the African American electorate in Memphis Tennessee who may champions of their cause muzzled at a most crucial time in history.

The elements for a TRO are because 1) the Petitioner has a strong likelihood of success on the merits because of res judicata 2) the petitioner will suffer irreparable injury absent a stay because the election will soon be over 3) no substantial harm will be done to other parties by the Petitioner being allowed to exercise his first amendment rights and 4) the public interest is served by the voting rights of African Americans being respected throw allowing the voice of a leader in the African American community to be heard.

### Conclusion

For the above mentioned reasons, justice is best served by this Honorable Court granting a temporary restraining order against the prosecution of M. LaTroy Williams for actions resulting from the distribution of sample ballots with his trademark during this election season.

8

Respectfully Submitted,

M. LaTroy Williams
3250 Commercial Pkwy
Memphis, TN 38116
901-502-4954

## Certificate Of Service

The undersigned hereby certifies that on October 28, 2020, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

M. LaTroy Williams

9