# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| M. LA-TROY ALEXANDRIA-WILLIAMS,  )<br>)<br>)<br>**Plaintiff,**  )<br>)<br>)<br>v.  )<br>)   Case no. 2:20-02715-MSN-atc<br>)<br>**MARK GOINS, in his official capacity**  )<br>**as Tennessee Coordinator of Elections,**  )<br>**MARY MANCINI, in her official capacity**  )<br>**as Chairwoman of the Tennessee Democratic**  )<br>**Party, LINDA PHILLIPS, in her official**  )<br>**capacity as Shelby County Administrator**  )<br>**of Elections,**  )<br>)<br>**Defendants.**  ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT MARK GOINS' MOTION TO DISMISS

Defendant, Mark Goins submits the following memorandum of law in support of his Motion to Dismiss.

### INTRODUCTION AND BACKGROUND

Defendant Mark Goins is the duly appointed Coordinator of Elections for the State of Tennessee. *See* Tenn. Code Ann. § 2-11-201. Plaintiff M. Latroy Alexandria-Williams is a resident of Shelby County, Tennessee. Plaintiff alleges that he qualified to be a candidate for the office of U.S. House of Representatives (Congress) in the Democratic Party primary election on the August 6, 2020 ballot. (DE-1 at ¶¶ 1-4, PageID # 2).

Because Plaintiff was seeking to qualify as a primary candidate for the office of representative to the United States Congress, he was required to comply with the provisions of Tenn. Code Ann. § 2-5-103 in filing his petition. See Tenn. Code Ann. § 2-5-104(b)(1). Pursuant to Tenn. Code Ann. § 2-5-103(a), a party primary candidate is required to file his or her original nominating petition in the office of the State Election Commission, and a certified copy of the petition with the Coordinator of Elections and the chair of the party's state executive committee. The chair of the State Election Commission "shall, no later than twelve (12:00) noon prevailing time on the first Thursday after the deadlines set in § 2-5-101, certify to the chairs of the county election commissions the names of all candidates who have qualified under this section to have their names on the ballots for . . . primary elections." Tenn. Code Ann. § 2-5-103(b). Tenn. Code Ann. § 2-5-204 provides in pertinent part that each qualified candidate's name "shall be placed on the ballot . . . unless the executive committee with which a primary candidate filed the original petition determines that the candidate is not qualified under § 2-13-104." Tenn. Code Ann. § 2-13-104 provides that "[a] party may require by rule that candidates for its nominations be bona fide members of the party."

Plaintiff alleges that after receiving notice from the Shelby County Election Commission that his "nominating petitions were properly filed," (DE-1 at ¶ 16, PageID # 5) the Tennessee Democratic Party "deemed him disqualified to run as a candidate" in the Democratic primary in August 2020. (DE-1 at ¶ 17, PageID # 6.) Plaintiff further alleges that the Shelby County Election Commission removed his name from the ballot. (DE-1 at ¶ 18, PageID # 6.)

Plaintiff has sued Defendant Goins in his official capacity as Coordinator of Elections and seeks monetary compensation for numerous categories of alleged damages including unspecified "pecuniary losses," "emotional distress," "loss of enjoyment of life," and "pain and suffering."

(DE-1, PageID #30-31.) Plaintiff does not seek any declaratory or injunctive relief against Defendant Goins.

## STANARD OF REVIEW

### I.     Dismissal for Lack of Subject Matter Jurisdiction

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) by either a "facial" or a "factual" attack. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack "questions merely the sufficiency of the pleadings." *Id*. When reviewing a facial attack, this Court must take the allegations in the complaint to be true. *Id*. Only where those allegations amount to federal claims does a court have jurisdiction. *Id.*

A factual attack, however, requires the court to weight evidence presented by the parties to determine whether subject matter jurisdiction exists. *Id*. A court reviewing a factual attack may consider evidence outside the pleadings and the parties may submit proof by affidavit. *Id*. *See also Rogers v. Stratton Industries*, 798 F.2d 913, 916 (6th Cir. 1986). A State's assertion of sovereign immunity constitutes a factual attack. *See Hornberger v. Tennessee*, 782 F.Supp.2d 561, 564 (M.D. Tenn. 2011) (citing *Dunn v. Spivey*, No. 2:09-0007, 2009 WL 1322600, at *3 (M.D. Tenn. May 11, 2009)).

### II.    Dismissal for Failure to State a Claim

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain allegations that, if accepted as true, "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Federal pleading standards do not require "detailed factual allegations" but do require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Supreme Court has established two guiding factors for a court to consider when reviewing a complaint for failure to state a claim:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions.
> Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Iqbal*, 556 U.S. at 678-679. (citations omitted).

## ARGUMENT

### I.  Plaintiffs' Claims Against Defendant Goins are Barred by Sovereign Immunity

The Eleventh Amendment bars suits by citizens against their state in federal court unless there has been a waiver by the state. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54, 116 S. Ct. 1114, 1122, 134 L. Ed. 2d 252 (1996). States are also protected from suit where a state official is named as defendant, but the state is the "real, substantial party in interest." *Hall v. Med. Coll of Ohio at Toledo*, 742 F.2d 299, 301 (6th Cir. 1984); *see also Will v. Mich. Dep't of State Police*, 491 U.S. at 71 ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office").  Here, Plaintiff has sued Defendant Goins in his capacity as a state official and thus is seeking to reach the State.  His claims against Defendant Goins are, therefore, barred by sovereign immunity.

A narrow exemption to sovereign immunity exists for plaintiffs seeking to prospectively enjoin the state from violating their constitutional rights. *Ex parte Young*, 209 U.S. 123, 129 (1908). This exemption exists to allow courts to prevent ongoing constitutional violations. *Id.* at

159-60. However, Plaintiff is only seeking monetary damages, not injunctive or any other relief which could be considered prospective (DE-1, PageID # 30-31) and "a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Plaintiff's suit does not fit within the narrow *Ex parte Young* exemption and is barred by the Eleventh Amendment.

Additionally, one of Plaintiff's claims is brought under a state law theory (DE-1 at ¶¶ 27-30), but "[t]he federal courts are simply not open to such state law challenges to official state action, absent explicit state waiver of the federal court immunity found in the Eleventh Amendment." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 520–21 (6th Cir.2007) (citing *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 117–21(1984)). This is because "it is well within a state's power to consent to suit solely within its own courts." *Boyd*, 848 F. Supp. at 114 (M.D. Tenn. 1994).

A state's consent to be sued in federal court must be "unequivocally expressed." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). The State of Tennessee has made no such expression here. The State has not waived its immunity through legislation. *See* Tenn. Code Ann. § 20-13-102(a). The State also has not waived its immunity through its conduct in this suit. *See Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617, 620 (2002) (in order to waive its sovereign immunity in federal court, a state must demonstrate a clear intent to allow the federal court to adjudicate the claim). Nor has Congress abrogated the State's immunity through its enforcement powers under the Fourteenth Amendment or through statute. *See Quern v. Jordan*, 440 U.S. 332, 342 (1979) (holding that 42 U.S.C. § 1983 does not override States' Eleventh Amendment immunity).

For the reasons expressed above, Plaintiff's claims against Defendant Goins are absolutely barred and this Court therefore lacks subject matter jurisdiction to hear them. Accordingly, Plaintiff's claims against Defendant Goins should be dismissed.

## II.     Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted

In addition to this Court lacking subject matter jurisdiction, Plaintiff's claims should also be dismissed because Plaintiff has failed to state a claim upon which relief may be granted by failing to adequately plead his claims. A plaintiff's allegations must be "plausible on [their] face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere allegations or conclusory legal statements are not enough to establish a plaintiff's claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal pleading standards do not require "detailed factual allegations" but do require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Plaintiff alleges multiple causes of action without making specific allegations which, if taken as true, would amount to a claim under Plaintiff's cited legal bases. Plaintiff, instead, makes vague allegations and broad conclusory statements to support his various claims. As a result, Plaintiff's claims should be dismissed.

### a.  Count I - Civil Conspiracy

Tennessee recognizes a civil cause of action for civil conspiracy. To establish a case of civil conspiracy, a plaintiff must prove "(1) a common design between two or more persons; (2) to accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means; (3) accompanied by an overt act in furtherance of the conspiracy; and (4) a resulting injury." *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 38 (Tenn. Ct. App. 2006) (internal citations omitted).

Here, Plaintiff paints with a broad, unspecific brush in alleging that Defendants "worked together to accomplish the unlawful purpose of depriving Plaintiffs [sic] constitutional rights held

under Tennessee and Federal Law, and/or committing torts under Tennessee law, and/or otherwise causing Plaintiffs [sic] losses and damages…" (DE-1 at ¶ 28, PageID # 11). Plaintiff declines to enumerate which constitutional or statutory rights were violated or which torts were committed. Plaintiff also has not alleged specific facts sufficient to establish that a "common design" existed between the Defendants. There are no allegations of communications or plans between the Defendants. Instead, Plaintiff states conclusively that Defendants "collaborated and worked together to carry out any alleged unlawful purpose." (DE-1 at ¶ 29, PageID # 11-12). Plaintiff has also not alleged an overt act by Defendant Goins in furtherance of a conspiracy to commit any unlawful act. Rather, Plaintiff states that Defendant Goins "acquiesced" to Plaintiff's removal from the Democratic primary ballot. (DE-1 at ¶ 28, PageID # 11). Defendant Goins, pursuant to Tenn. Code Ann. § 2-5-204(a)(2)(A), is required to notify "each county election commission on whose ballots the candidate's name would otherwise appear" if a political party determines a candidate is not qualified. This is not a criminal act. It is a non-discretionary administrative duty that Defendant Goins, in his official capacity, is bound by state statute to perform. Because Plaintiff has not alleged any of the necessary elements of a claim for civil conspiracy, this claim fails as a matter of law.

### b. Count II - 42 U.S.C. § 1983

Plaintiff alleges that Defendants have violated 42 U.S.C. § 1983 because disqualifying Plaintiff from the Democratic primary ballot was an act of "racial animus" in violation of the Fifteenth Amendment. The Fifteenth Amendment, however, does not guarantee having one's name on a primary ballot. Rather, it expanded the right to vote to all men regardless of "race, color, or previous condition of servitude". U.S. Const. amend. XV.

Plaintiff states Defendant's alleged "animus" was "indicated" through "statements" made by the Defendants. (DE-1 at ¶ 33, PageID # 13-14). Plaintiff does not identify which statements he means, nor does Plaintiff allege anywhere in his Complaint that any Defendant made *any* statement regarding his race or his race being a factor in his removal from the ballot. And with respect to Defendant Goins, Plaintiff has not alleged *any* statements made by Defendant Goins, let alone any statements that indicate racial animus. Plaintiff instead alleges that Defendants "knew or should have known" that he is an African American man and concludes that his race therefore was a factor in his disqualification. (DE-1 at ¶ 32, PageID # 13). Plaintiff has also not alleged that he was prevented from voting by any of the Defendants—the right actually guaranteed to him by the Fifteenth Amendment. Plaintiff has failed to allege any specific allegations which might allow this Court to conclude that Defendant Goins infringed Plaintiff's Fifteenth Amendment rights. Accordingly, Plaintiff's Section 1983 claim fails.

### c. Count III - 42 U.S.C. § 1985(3)

In order to establish a claim under 42 U.S.C. §1985(3), a plaintiff must demonstrate "four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828–29 (1983). Additionally, plaintiff must demonstrate that the conspiracy was "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Id.* (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

As explained above, Plaintiff has not adequately alleged that any of the alleged conduct of Defendants was motived by any sort of racial animus. Plaintiff also has not alleged any injury to his person or property. The only act Plaintiff accuses Defendant Goins of is "acquiescing" to Plaintiff's name being removed from the Democratic primary ballot but Defendant Goins had no authority under state law to act otherwise. *See* Tenn. Code Ann. § 2-5-204(b)(2)(B) "Unless the coordinator of elections receives a letter from the executive committee withdrawing the committee's determination of the candidate's disqualification no later than the close of business seven (7) days after the original withdrawal deadline, the candidate's name *must* be excluded from the ballot." (emphasis added))

Moreover, Plaintiff has no constitutionally protected right to appear on the ballot. *See Kurita v. State Primary Bd. of Tennessee Democratic Party,* 472 F. App'x 398, 399 (6th Cir. 2012) (holding that a candidate who won the Democratic party did not have a property interest in the results of the primary and could be removed from the ballot for the general election). Nor is there any constitutional or fundamental right to run as a candidate for elective office. *See Bullock v. Carter*, 405 U.S. 134, 142-43 (1972); *Civil Serv. Merit Bd. of City of Knoxville v. Burson*, 816 S.W.2d 725, 733 (Tenn. 1991).

Because Plaintiff has not alleged any facts constituting racial animus on the part of Defendant Goins, any injury to his person or property, or that any right guaranteed to him by federal law was denied him, he has failed to state a claim under 42 U.S.C. § 1985(3).

### d. Count IV - 42 U.S.C § 1986

"Section 1986 provides a cause of action against persons who aid and abet violations of § 1985." *Barrow v. City of Hillview, Kentucky*, 775 F. App'x 801, 809 (6th Cir. 2019). Plaintiff brings this claim only against Defendants Phillips and Goins. Plaintiff alleges that Defendants

Phillips and Goins were "direct participants" in the alleged conspiracy but that "should the court find" that they were not, that in the alternative, Defendants Phillips and Goins have violated 42 U.S.C. § 1986 because they "had knowledge of the conspiracy" and "had a corresponding duty to protect" Plaintiff but "failed to intervene" to thwart the alleged conspiracy. (DE-1, Page ID # 18). However, "[w]ithout a predicate violation of § 1985, there can be no violation of § 1986." *Barrow*, 775 F. App'x at 809. (internal citations omitted). Because Plaintiff has not adequately pleaded his claim under Section 1985, his claim under Section 1986 also fails as it is necessarily predicated on there having been a violation of Section 1985.

### e. Counts V, VI, VII[1] - 18 U.S.C. § 1962(b)

The Racketeer Influenced and Corrupt Organizations Act, better known as "RICO" establishes a civil cause of action against racketeering and corruption at 18 U.S.C. § 1962. Congress passed RICO in 1970 "for the purpose of 'seek[ing] the eradication of organized crime in the United States . . . .'" *Beck v. Prupis*, 529 U.S. 494, 496 (2000)(quoting Pub.L. 91–452, 84 Stat. 922, 923).

> Plaintiff alleges claims under parts b, c, and d of Section 1962. These parts read as follows:
>
> (b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.
>
> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

---

[1] These counts are misnumbered in Plaintiff's complaint as Counts V, IV, and V.

18 U.S.C. § 1962

To prove a claim under RICO, the plaintiff must prove four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir.2006) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)). "Racketeering activity" is defined in 18 U.S.C. § 1961 which enumerates a long list of specific criminal acts that constitute racketeering such as murder, bribery, and fraud. A "pattern of racketeering activity" requires "at least two acts of racketeering activity." *See* 18 U.S.C. § 1961. Plaintiff has not alleged any of the criminal conduct enumerated in Section 1961, let alone that any of the specifically enumerated crimes were committed more than once as part of an ongoing enterprise. The removal of Plaintiff's name from the Democratic party primary ballot—the only conduct alleged by Plaintiff—is not racketeering under Section 1962. Even if it were, a plaintiff cannot succeed under RICO by alleging "a single scheme targeting a single victim." *Bachi-Reffitt v. Reffitt*, 802 F. App'x 913, 919 (6th Cir. 2020). Accordingly, Plaintiff's RICO claims also fail.

### f.  Count VIII[2] - Voting Rights Act

The Voting Rights Act, 52 U.S.C. § 10301 prevents "any State or political subdivision" from implementing a "voting qualification or prerequisite to voting or standard, practice, or procedure. . . which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color." As with Plaintiff's claim under Section 1983, Plaintiff does not allege that he was denied the right to vote by any of the Defendants nor does he allege any facts which might lead this Court to conclude that he was discriminated against on account of his race. Instead, he alleges that he was prevented from appearing on the ballot which, as discussed above, he has no such constitutionally protected right. *See Kurita v. State Primary Bd. of*

---

[2] This count is misnumbered in Plaintiff's complaint as Count VI.

*Tennessee Democratic Party,* 472 F. App'x at 399 (6th Cir. 2012). For these reasons, Plaintiff's eighth and final claim also fails and should be dismissed.

## CONCLUSION

For the reason stated above, Defendant Goins respectfully requests that this Court dismiss the Complaint against him in its entirety with prejudice for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter


/s/ Kelley L. Groover
KELLEY L. GROOVER
Assistant Attorney General
Public Interest Division
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, TN  37202
(615) 532-2591
kelley.groover@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has been sent through the Court's ECF system and/or first class U.S. Mail, postage prepaid, to:

M. La-Troy Alexandria-Williams
3250 Commercial Parkway
Memphis, TN 38116

John Ryder
Pablo Varela
Harris Shelton Hanover Walsh PLLC
One Commerce Square
40 Main Street, Suite 2700
Memphis, TN  38103-2555

J. Gerard Stranch, IV
Benjamin A. Gastel
Seamus T. Kelly
Branstetter, Stranch, Jennings PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN  37203


this 29th day of January, 2021.

/s/ Kelley L. Groover
KELLEY L. GROOVER