### In the United States District Court for Western District of Tennessee
### Western Division

| | |
|---|---|
| M. La-Troy ALEXANDRIA-WILLIAMS, )<br>)<br>)<br>v. )<br>)<br>)<br>Mark GOINS, in his official capacity as )<br>Coordinator of Tennessee Elections )<br>Mary MANCINI, in her official capacity as )<br>Chairwoman of the Tennessee Democratic )<br>Party )<br>Linda PHILLIPS, Shelby County Election )<br>Commissioner, )<br>)<br>*Defendants.* ) | No.  2:20-cv-02715-MSN-atc<br>Judge Mark Norris |

## Memorandum in Support of Plaintiff's Response to Defendant Goins's Motion to Dismiss

Plaintiff, M. La-troy Alexandria-Williams, by and through counsel files this Memorandum of Law in Support of his Response To Defendant Goins's Motion To Dismiss.

    I.       **Sovereign immunity is not applicable.**

The United States Supreme Court held that "state officials…are concededly state actors" for the purposes of liability under 42 U.S.C. § 1983. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 US 40, 58 (1999). Violations by state actors of constitutional rights can give rise to damages under 42 U.S.C. § 1983. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 US 388, 389 (1971).

Defendant Goins's assertion of sovereign immunity by virtue of being a state official flies in the face of established Supreme Court precedent. Defendant Goins's engages in the legal fiction that he is somehow the State of Tennessee. The main case that he cites, *Hornberger v. Tennessee*, is a case where the State of Tennessee was listed as a defendant as shown in the caption of the case. As the State of Tennessee is not a defendant in this case, *Hornberger* has no application.

## II. Plaintiff Has A Valid Cause Of Action Under 42 U.S.C. § 1983

The Civil Rights Act states in part that "[e]very person who, under color of [law] subjects, or causes to be subjected, any . . . person within the jurisdiction [of the United States] to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law [or] suit in equity." *Rizzo v. Goode*, 423 US 362, 371 (1976) quoting 42 U.S.C. § 1983. According to *Monroe v Pape*, federal court action is appropriate "when the State governments criminally refuse or neglect those duties which are imposed." *Monroe v. Pape*, 365 U.S. 167, 233 (1961). The third aim of 42 U.S.C. § 1983 is "to provide a federal remedy where the state remedy, though adequate in theory, was not available in practice." *Id.* at 174.

It cannot be disputed by Defendant Mark Goins that he criminally refused or neglected to carry out an imposed duty when he failed to put Plaintiff's name back on the 2018 ballot in open defiance of a Tennessee Court Order. Defendant Mark Goins actions and those of his co-defendants named and unnamed went against Tennessee Code Annotated Section § 2-13-202 and the bylaws of the Tennessee Democratic Party. As such Plaintiff's right to due process under the law were violated.

**Memorandum of Law in Support of Plaintiff's Response to Defendant Goins's Motion to Dismiss**

### III. Plaintiff has a valid cause of action under 42 U.S.C. § 1985 and 1986

Plaintiff incorporates by reference the Motion For a Temporary Restraining Order that he filed in this case in October 2020 but was denied because he filed it *pro se* as his attorney Paul Robinson neglected to either file the motion or timely withdraw from the case.

### (a). Count IV. 42 U.S.C. § 1985.

According to Defendant Goins (Doc. No. 15-1, pg. 8), the elements for a claim under Section 1985(3) are: (1) conspiracy, (2) for the purpose of depriving, either directly or indirectly, a person or class of persons of equal protection of the laws, or equal privileges and immunities; (3) an act in furtherance of the conspiracy, and that a person is injured or deprived of a right or privilege. *United Bhd. Of Carpenters and Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 838-829 (1983). *Griffin v. Breckenridge* also provides that it be motivated by some racial or class-based "invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

The Plaintiff has alleged facts in his Complaint and in his affidavit in support of this motion (Exhibit 2) that, if proven true, fulfill the elements of a claim under Section 1985(3). The sticking point is *Kurita*, and the proposition that Defendant Goins argues it supports.

Defendant Goins cites the *Kurita* case for the proposition that there is no constitutionally protected right to appear on a ballot. (Doc. No. 15-1, p. 11 citing *Kurita v. State Primary Bd. of Tennessee Democratic Party*, 472 F. App'x 398, 399 (6th.Cir. 2012). In *Kurita*, the Sixth Circuit cited the District Court opinion without restating it. "After carefully reviewing the record, the settled law, the well-reasoned briefs, and the oral arguments on appeal, we conclude that the district court's order and

opinion correctly sets out the applicable law under § 1983 and correctly applies that law to the facts in the record." *Id.* at 398-99. Quoth the District Court: "a candidate does not possess a property right in the results of a primary election *if that result can be voided by an authorized tribunal*, such as the State Primary Board." *Kurita v. State Primary Bd. of the Tenn. Democratic Party*, 2008 U.S. Dist. LEXIS 88071, *37 (Oct. 14, 2008 M.D. Tenn.)(*emphasis added*). The Primary Board in *Kurita* set aside an election as "incurably uncertain" pursuant to an election contest. *Id.* at *5-8. However, the Plaintiff is the master of his Complaint, and did not make the argument that Defendant Goins imputes to him. The Sixth Circuit noted in *Kurita* that it's ruling was the law as applied to the facts in that case. *Kurita* does not stand for the proposition that members of the Executive Committee, which is the State Primary Board, can conspire to violate election laws and disappear duly qualified candidates from the ballot in April.

2. **Count VI. 42 U.S.C. § 1986.**

Defendant Goins argues that Mr. Williams only brings his claim under 42 U.S.C. 1986 against Defendants Phillips and Goins. (Doc. No. 15-1, pp. 9-10). However, Mr. Williams through his Complaint brought this claim against all named Defendants. (Doc. No. 1, p. 18). Mr. Williams further alleges that the Defendants had knowledge of the conspiracy, a duty to protect Mr. Williams, and that they failed to intervene. *Id.* If the Defendants are not liable under Section 1985, then the Plaintiff alleges that they are liable under Section 1986 in the alternate. In his Complaint, Mr. Alexandria-Williams alleges that Defendants Mancini, Goins, and Phillips violated 42 U.S.C. § 1986. (Doc. No. 1, p. 18-19). The statute provides that:

> "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."

42 U.S.C. § 1986.

Mr. Williams alleges that all named Defendants either participated in or had knowledge of the conspiracy in the alternate to direct participation. *See* Section II (a) regarding Count I, civil conspiracy. Mr. Williams has also alleged fact sufficient to support a the other elements of this Count in his Complaint. *See* Exhibit A, Affidavit of Marion La-Troy Alexandria-Williams. Mr. Alexandria-Williams's allegations, if proven to be true, are enough to fulfill the elements of Section 1986; namely, knowledge of a conspiracy, perpetrated against him, a corresponding duty to protect, and that they failed to intervene in the conspiracy to prevent injury to Mr. Alexandria-Williams. *Id*. at 18. Moreover, Mr. Alexandria-Williams, in his Complaint, alleges that the "Defendants Mark Goins and Linda Phillips had actual

knowledge of the discriminatory conspiracy against Plaintiff Williams." Further, the Plaintiff relies on his response in Section II (c) above to show that he has made a pleading of a predicate violation of § 1985. *Barrow v. City of Hillview, Kentucky*, 775 F. App'x. 801, 809 (6th Cir. 2019); *see also* Section II (a) above regarding conspiracy.

### IV. Plaintiff has a valid cause of action under the Voting Rights Act.

Section 2 of the Voting Rights Act states:

> "No voting qualification or prerequisite to voting, or standard, practice, or procedure shall be imposed or applied by any State or political subdivision to deny or abridge the right of any citizen of the United States to vote on account of race or color."

79 Stat. 437, as amended, 42 U. S. C. § 1973; *Mobile v. Bolden*, 446 US 55, 60 (1980).

The Fifteenth Amendment "imposes but one limitation on the powers of the States. It forbids them to discriminate against Negroes in matters having to do with voting." *Id* at 61. State action that is "racially neutral" still violates the Fifteenth Amendment if it is motivated by a "discriminatory purpose." *Id* at 62. "Matters to do with voting" cover more than just the vote itself. Allegations of "racially motivated gerrymander of municipal boundaries stated a claim under the Fifteenth Amendment." *Id* citing *Gomillion v. Lightfoot*, 364 US 339 (1960). When a political party is regulated by the state, and only party nominees chosen in a primary appear on a ballot, the political party in effect becomes the "agency of the State" and discriminatory actions are barred. *Id* citing *Smith v. Allwright*, 321 US 649 - (1944). Further, the U.S. Supreme Court has held that denial of ballot access is sometimes also a violation of the Fourteenth Amendment. In *Williams v. Rhodes*, the Court held that while "the

**Memorandum of Law in Support of Plaintiff's Response to Defendant Goins's Motion to Dismiss**

State is left with broad powers to regulate voting", nevertheless burdensome laws which in effect barred minority parties from ballot access were "invidious discrimination" that violated the Fourteenth Amendment. *Williams v. Rhodes*, 393 US 23, 34 (1968).

Defendant Mark Goins's argument that the Voting Rights Act only applies to voting not only flies in the face of established Supreme Court Precedent and the text of the Voting Rights Act itself, but also in the face of common sense. Under his theory, if the Tennessee Democratic Party had denied then candidate Barack Obama access to the ballot solely on the basis of race that would not be covered under the Voting Rights Act. A political party arbitrarily removing blacks from the ballot has the same effect of denying members of a particular race meaningful access to the political process as does racially motivated gerrymandering. Further, Plaintiff is not asking for any Tennessee laws to be deemed unconstitutional, but rather that the Defendants be required to follow already established Tennessee law and court rulings.

Racial animus is shown both by 1) the antagonistic statement of unnamed co-defendant Steve Cohen that black people should necessarily feel a particular way towards legislation he was proposing and 2) the *ultra vires* action by co-defendant Mary Mancini to dissolve the majority black Shelby County Democratic Executive Committee and reform it with a majority white committee in an area that itself is majority black.

Racial animus is shown by the fact that actions taken by Defendants and unnamed co-Defendants tend to favor white candidates over black.

V.      **Plaintiff has a valid cause of action under civil RICO.**

**Memorandum of Law in Support of Plaintiff's Response to Defendant Goins's Motion to Dismiss**

Defendant Goins assert that the "Plaintiff has not alleged any of the criminal conduct enumerated in Section 1961, let alone that any of the specifically enumerated crimes were committed more than once as part of an ongoing enterprise." (Doc. No. 15-1, pg. 11). Defendant Goins further asserts that "[t]he removal of Plaintiff's name from the Democratic party primary ballot—the only conduct alleged by Plaintiff—is not racketeering under Section 1962). *Id.* Moreover, Defendant Goins asserts that even if it were, it cannot succeed because it is merely a single scheme. *Id.* Emphatically, removing Mr. Alexandria-Williams's name from the ballot, in contravention of state law and court order is not the only criminally predicate acts that Mr. Williams alleges.

Courts have generally held that civil RICO is not limited to activities traditionally associated with organized crime. *See H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 243-49 (1989); *National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249, 260 (1994). Moreover, while a plaintiff must allege predicate acts and a pattern of criminal activity, the plaintiff need only be injured by a single predicate act committed in furtherance of the conspiracy. *See Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 488-93 (1985); *Deppe v. Tripp*, 863 F.2d 1356, 1366-67 (7th Cir. 1988); *Marshall & Ilsley Trust Co. v Pate*, 819 F.2d 806, 809-10 (7th Cir. 1987). Unspecified civil rights violations cannot be RICO predicate acts. *Walker v. Beaumont Ind. School Dist.*, 938 F.3d 724, 738 (5th Cir. 2019).

While the Plaintiff in his Complaint has not specifically plead any predicate acts that appear in 18 U.S.C. § 1962, that section is not exhaustive of RICO predicate act. The Plaintiff will shortly file a motion to amend his Complaint, which will allege many of the factual allegations in his Response to Defendant Goins' Motion to Dismiss. Moreover, Circuit Courts of Appeal, have allowed claims other than those specifically enumerated in Section 1962. For example, the U.S. Court of Appeals for the

**Memorandum of Law in Support of Plaintiff's Response to Defendant Goins's Motion to Dismiss**

Seventh Circuit has permitted a Plaintiff's claim for retaliation under the whistleblower portion of the Sarbanes-Oxley Act under civil RICO. *See Michael J. DeGuelle v. Kristen J. Camilli, et al.,* 664 F.3d 192 (7th Cir. 2011). The Court reasons that the "language of [18 U.S.C.] § 1513(e) and logic imply that retaliatory actions always occur after a whistleblower reports others' wrongdoing," and that retaliation for such whistleblowing could be considered predicate acts and part of a scheme to prevent disclosure and, thus, a proper basis for a RICO claim. *Id.* at 201. RICO essentially proscribes several different types of activities, most notably and relevant here, through acquisition or control of an enterprise due to a pattern of racketeering activity. 18 U.S.C. § 1962(b). The Plaintiff's forthcoming Motion to Amend will sufficiently lay out the predicate acts and criminal activity that the Plaintiff has alleged since the beginning of this case.

Dated: May 5, 2021

        Respectfully submitted,

/s/ John Tennyson
John Tennyson (BPR No. 32777)
P.O. Box 1166
Mount Juliet, TN 37121
(615) 506-3108
john@patriotlaw.co

*Attorney for M. La-Troy Alexandria-Williams*

## Certificate of Service

I certify that on the 7 day of May, 2021, a true and correct copy of the foregoing has been served upon all parties of interest in this matter via operation of this Court's CM/ECF filing system.

/s/ John Tennyson
John Tennyson