IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

M. LA-TROY ALEXANDRIA-WILLIAMS,

    Plaintiff,

v.                                             Case No. 2:20-cv-02715-MSN-atc

MARK GOINS, in his official capacity
as Coordinator of Tennessee Elections,
MARY MANCINI, in her official capacity
as Chairwoman of the Tennessee Democratic
Party,  LINDA PHILLIPS, Shelby County Election
Commissioner,

    Defendants.

---

**ORDER GRANTING DEFENDANT MARK GOINS' MOTION TO DISMISS AND
ORDER DISMISSING CASE WITHOUT PREJUDICE AGAINST DEFENDANTS
MANCINI AND PHILLIPS**

---

    Before the Court is Defendant Mark Goins' Motion to Dismiss, (ECF No. 15), filed on January 29, 2021.  Plaintiff failed to timely respond to Defendant Goins' motion, prompting the Court to enter a show cause order.  (ECF No. 16.)  Plaintiff timely responded to the Court's show cause order on April 19, 2021.  (ECF No. 18.)  After being granted additional time to respond, (see ECF No. 19), Plaintiff filed his response to Defendant Goins' motion on May 7, 2021.  (ECF No. 20.)  For the reasons below, the Court **GRANTS** Defendant Goins' motion.  Further, the Court **DISMISSES WITHOUT PREJUDICE** the claims against Defendants Mancini and Phillips for failure to timely effect service.

**Background**

This action arises out of Plaintiff's thwarted attempt to run in the August 2020 primary election to be the Democratic nominee for a seat in the United States House of Representatives. (ECF No.1 at PageID 2.) Plaintiff asserts that, despite being a bona fide Democrat and meeting all the eligibility requirements set forth by state and federal law, the Tennessee Democratic Party "deemed him disqualified to run as a candidate" and petitioned the Shelby County Election Commission to remove him from the August 2020 primary ballot. (*Id.* at PageID 2–9.) The Shelby County Election Commission subsequently removed Plaintiff's name from the August 2020 primary election ballot. (*Id.* at PageID 6, 10.)

Plaintiff filed this suit seeking money damages in addition to injunctive and declaratory relief on September 24, 2020. (ECF No. 1.) His complaint raises a litany of federal and state law claims. (*Id.* at PageID 10–29.) He names names as Defendants Mary Mancini, Chairwoman of the Tennessee Democratic Party; Mark Goins, Coordinator of Tennessee Elections; and Linda Phillips, Shelby County Election Commissioner. (*Id.* at PageID 2.) Notably, Plaintiff seeks to hold Defendants liable in their official capacities. (*Id.* at PageID 1.)

**Standard of Review**

Defendant Goins seeks dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Rule 12(b)(1) provides that a defendant may move to dismiss a complaint on the basis that the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion comes in two varieties: either a facial or factual attack. *See Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "A 'facial attack' is asserted when the movant accepts the alleged jurisdictional facts as true and 'questions merely the sufficiency of the pleading' to invoke federal jurisdiction." *Gaetano v. United States*, 994 F.3d

501, 505 (6th Cir. 2021) (quoting *Gentek*, 491 F.3d at 330).  On the other hand, "[u]nder a factual attack. . . the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction."  *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012).  An assertion of sovereign immunity usually constitutes a factual attack.  *See Durham v. Martin*, 388 F. Supp. 3d 919, 929 (M.D. Tenn. 2019) (citing *Hornberger v. Tennessee*, 782 F. Supp. 2d 561, 564 (M.D. Tenn. 2011)).

Under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002).  Using this framework, the court determines whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

A complaint need not contain detailed factual allegations; however, a plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  In other words, the "[f]actual allegations must be enough to raise a right to relief above [a] speculative level."  *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  If a court decides in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage.

3

*Iqbal*, 556 U.S. at 679.  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 556.

## Analysis

**I.     Defendant Goins' Motion to Dismiss pursuant to Rule 12(b)(1)**

The Court will first consider Defendant Goins' motion to dismiss pursuant to Rule 12(b)(1). *See Moir v. Greater Cleveland Reg'l Transit. Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (explaining that the Court is "bound to consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if this court lacks subject matter jurisdiction"). Defendant Goins asserts that the Court lacks subject matter jurisdiction because Plaintiff's claims are barred by the Eleventh Amendment. (ECF No. 15-1 at PageID 215–17.)

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The protection afforded to states by the Eleventh Amendment extends to suits initiated against a state by its own citizens and by citizens of another state. *See Guertin v. State*, 912 F.3d 907, 936 (6th Cir. 2019); *see also Bd. of Tr. of Uni. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court.").

Notably, there are exceptions to this rule. *See Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005). For example, a state can decide to waive its immunity through legislation. *Id.* It is also well understood that a state's sovereign immunity does not encompass suits that are not against the state or an "arm of the state." *Id.* And most important, a state's sovereign immunity does not attach to suits against a state official seeking purely prospective injunctive relief. *Id.* Plaintiff's

complaint, however, fails to trigger any of these exceptions. Despite titling his Complaint as a "Complaint for Money Damages, Declaratory Judgment and Injunctive Relief," Plaintiff seeks purely monetary damages for the alleged harms he suffered. (ECF No. 1 at PageID 29–31.)

Rather than proceeding against the State of Tennessee, Plaintiff brings this suit against Defendant Goins in his official capacity as the Coordinator of Tennessee Elections. (ECF No. 1 at PageID 1–2.) This distinction ultimately makes no difference because the Eleventh Amendment encompasses actions against state officials sued in their official capacities for money damages. *See Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (en banc). Thus, to the extent Plaintiff seeks to hold Defendant Goins liable in his official capacity for money damages, the Court will treat such claims as a suit against the state entity itself—the Tennessee Division of Elections ("the Division"). *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

For the Eleventh Amendment bar to apply here, the Division must qualify as an "arm of the State [of Tennessee]." *Ernst*, 427 F.3d at 358 (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (2005)). The Sixth Circuit has identified several factors that aid the Court in making this determination: "(1) the State's potential liability for a judgment against the entity; (2) the language by which state statutes, and state courts refer to the entity and the degree of state control and veto power over the entity's actions; (3) whether state or local officials appoint the board members of the entity; and (4) whether the entity's functions fall within the traditional purview of state or local government." *Guertin*, 912 F.3d at 937 (quoting *Ernst*, 427 F.3d at 359). The Sixth Circuit has also stated that a state's potential monetary liability is the "foremost" and "most salient" factor to consider and will create a strong presumption that the entity acts as an arm of the state. *Id.* (citations omitted).

Concerning the State's potential liability, the Court finds that this factor weighs in favor of finding that the Division is an arm of the State of Tennessee. The Division falls under the purview of Tennessee's State Department, see Tenn. Code Ann. § 4-3-2103; Tenn. Code Ann. § 2-11-201, which means that the State of Tennessee will have to satisfy any potential monetary judgment. Further, Plaintiff has not directed the Court to any statutory provisions shielding the State of Tennessee from potential monetary liability. *See Guertin*, 912 F.3d at 937–38 (analyzing a state statute which provided that local property taxes would be used to satisfy any potential judgment).

Regarding the remaining factors, these too weigh in favor of the Division. First, the State of Tennessee exercises substantial control over Defendant Goins' actions as the Coordinator of Elections. The Coordinator of Elections is appointed by the Secretary of State and "serve[s] at the pleasure of the secretary of state[.]"[1] Tenn. Code Ann. § 2-11-201. Second, Defendant Goins' duties as the Coordinator of Elections traditionally accord with the function of the state government as opposed to any local municipality. Defendant Goins' responsibilities include "supervis[ing] all elections," and "authoritatively interpret[ing] the election laws for all persons administering them." Tenn. Code Ann. § 2-11-202(a)(1), (4). Accordingly, the Division operates as an "arm of the state."

Plaintiff's arguments to the contrary are unavailing. Plaintiff asserts that "Defendant Goins's [sic] engages in the legal fiction that he is somehow the State of Tennessee." (ECF No. 20-1 at PageID 245.) Rather than it being fiction, it is an unassailable fact that suits against state officers in their **official capacities** are "to be treated as a suit against the entity." *Graham*, 473 U.S. at 166; *see also Pineda v. Hamilton Cty.*, 977 F.3d 483, 494 (6th Cir. 2020) ("[W]e treat a

---

1. The Secretary of State is "elected by joint vote of the general assembly, and commissioned for a term of four (4) years." Tenn. Code Ann. § 8-3-101.

suit against Neil in his official capacity as analogous to a suit against the local entity."); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent."). Plaintiff's suggestion otherwise flies in the face of decades of precedent.

Plaintiff next argues that 42 U.S.C. § 1983 provides him an avenue to seek relief against Defendant Goins. (ECF No. 20-1 at PageID 245.) He is half right. Section 1983 allows aggrieved parties to seek redress against state actors in their **individual capacities** under appropriate circumstances. *See Alkire*, 330 F.3d at 810 (quoting *Graham*, 473 U.S. at 165). But Plaintiff seeks to hold Defendants liable in their official capacities.[2] (*See* ECF No. 1 at PageID 1); *see also Alkire*, 330 F.3d at 810. As a result, Defendant Goins is shielded by sovereign immunity from Plaintiff's § 1983 claim. *Id.*

Plaintiff's remaining claims against Defendant Goins fail for the same reason: that Plaintiff sues Defendant Goins in his official capacity and seeks monetary damages. As a result, Plaintiff's claims are barred by the Eleventh Amendment. Accordingly, the Court **GRANTS** Defendant Goins' Motion and **DISMISSES WITHOUT PREJUDICE** the claims against him. *See Ernst*, 427 F.3d at 367 ("[D]ismissals for lack of jurisdiction should generally be made without prejudice.").

## II.   Defendant Goins' Motion pursuant to Rule 12(b)(6)

Because the Court does not have subject matter jurisdiction to hear Plaintiff's claims against Defendant Goins, it does not reach the merits of Defendant Goins' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Moir*, 895 F.2d at 269. Accordingly,

---

2. Plaintiff clearly designated in his Complaint that his claims against Defendants are in their official capacities. (ECF No. 1 at PageID 1.) The Court will not rewrite nor interpret Plaintiff's Complaint to add claims against Defendants in their individual capacities.

the Court **DENIES AS MOOT** Defendant Goins' motion to dismiss to the extent it argues that Plaintiff has failed to state a claim for relief. *Id.*

III.  **Order Dismissing Claims against Defendants Mancini and Phillips for lack of service**

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). Federal Rule of Civil Procedure 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Plaintiff commenced this suit back on September 24, 2020. (ECF No. 1.) After nearly seven (7) months passed in which Plaintiff failed to serve Defendants Mancini and Phillips, the Court entered an Order directing Plaintiff to show cause "as to why the Complaint should not be dismissed without prejudice as to the remaining Defendants for failure to effect service" on April 5, 2021. (ECF No. 16 at PageID 226.) Plaintiff filed a response on April 19, 2021, requesting that the Court grant him an additional fourteen (14) days to serve the remaining Defendants. (ECF No. 18 at PageID 232.) The Court granted Plaintiff's request, setting the deadline to serve Defendants Mancini and Phillips as May 7, 2021. (ECF No. 19 at PageID 235.) To date, Plaintiff has not served Defendants.

Despite multiple warnings from the Court and ample time to do so, Plaintiff has failed to serve the remaining Defendants in this matter. (*See* ECF Nos. 13, 16, and 19.) Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the claims against Defendants Mancini and Phillips pursuant to Federal Rule of Civil Procedure 4(m).

**Conclusion**

For the reasons above, the Court **GRANTS** Defendant Goins' Motion to Dismiss. Further, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Defendants Mancini and Phillips for failure to timely effect service.

**IT IS SO ORDERED**, this 31st day of August, 2021.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE